**In re Douglas S. CROSS, Debtor.**

**SECURITIES EXCHANGE COMMISSION, Appellant,**

v.

**Douglas S. CROSS, Appellee.**

BAP No. CC–96–2167–HaJO.
Bankruptcy No. SA 95–15228–JB.
Adversary No. SA 95–01975–JB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 17, 1997.

Decided Feb. 23, 1998.

See also 908 F.Supp. 718.

Hope Hall Augustini, Securities and Exchange Commission, Washington, DC, for Securities and Exchange Commission.

Rigoberto V. Obregon, Wells Fargo Center, Los Angeles, CA, for Douglas S. Cross.

Before: HARGROVE [1], JONES and OLLASON, Bankruptcy Judges.

## OPINION

HARGROVE, Bankruptcy Judge.

The Securities Exchange Commission ("Commission") appeals the bankruptcy court's order dismissing its § 523(a)(2)(A) action against Douglas S. Cross ("Debtor") on the grounds that it did not have standing. WE REVERSE AND REMAND.

## I.

### FACTS

In 1993, Debtor, as president, secretary, and sole shareholder of Cross Financial Services, Inc. ("CFS"), a Nevada corporation, along with others, raised $21 million dollars from investors by representing that the investors' funds would be used to engage in the factoring of accounts receivable. Debtor and his co-defendants never factored a single account receivable and converted most of the money for their own use. In June 1994, the Commission filed a complaint in the United States District Court for the Central District of California ("District Court") against CFS, Debtor and others for violation of the securities laws. The Commission obtained various forms of relief including, *inter alia*, the appointment of Richard G. Shaffer as receiver for CFS ("Receiver"), and a permanent injunction. *See SEC v. Cross Fin. Serv., Inc.*, 908 F.Supp. 718, 720 (C.D.Cal.1995).

■ Debtor filed a voluntary Chapter 7 petition in May 1995. In September 1995, the Commission obtained a judgment against the individual defendants, including Debtor,

1. Honorable John J. Hargrove, Bankruptcy Judge for the Southern District of California, sitting by designation.

ordering them to disgorge[2] various amounts of money ("Disgorgement Judgment") and deposit the funds with the Receiver. Debtor was ordered to disgorge more than $6.6 million dollars. The Commission also filed a proof of claim and a complaint objecting to Debtor's discharge under 11 U.S.C. § 523(a)(2)(A). The Receiver filed two complaints against the Debtor, one under § 523(a)(4) and (6) seeking to except from discharge $7.25 million dollars that Debtor allegedly misappropriated from CFS and the other under § 727(a)(2)(A) and (4)(A).

On December 12, 1996, the bankruptcy court entered an order denying the Commission standing for purposes of § 523(a)(2)(A) on the grounds that it was not a "creditor" because the District Court expressly ordered the Debtor to "pay the judgment" to the Receiver.[3] The court found that it was the Receiver who had a "right to payment" and not the Commission. *SEC v. Cross (In re Cross)*, 203 B.R. 456, 458 (Bankr.C.D.Cal. 1996).

## II.

### *STANDARD OF REVIEW*

This appeal involves statutory interpretation which is reviewed *de novo*. *In re Mayton*, 208 B.R. 61, 63 (9th Cir. BAP 1997).

## III.

### *DISCUSSION*

 To challenge the dischargeability of a debt under § 523(a)(2)(A), "the creditor to whom such debt is owed" must request the bankruptcy court to except the debt from discharge. 11 U.S.C. § 523(c)(1). A "creditor" is an entity that has a claim against the debtor or his estate. 11 U.S.C. § 101(10)(A). An "entity" is defined as a "person, estate, trust [and] *governmental unit* . . . ." 11 U.S.C. § 101(15) (emphasis added). "Claim" is broadly defined as meaning either a "right to payment . . . or a right to an equitable

remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 101(5). "Right to payment" means "nothing more nor less than an enforceable obligation." *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991) (quoting *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 563–64, 110 S.Ct. 2126, 2133–34, 109 L.Ed.2d 588 (1990)); *In re Irizarry*, 171 B.R. 874, 878 (9th Cir. BAP 1994). "Absent an overriding federal interest, the existence of a claim in bankruptcy is generally determined by state law." *In re Hassanally*, 208 B.R. 46, 49 (9th Cir. BAP 1997) citing *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979). The only issue before the Court is whether the Commission is the holder of a claim against the estate giving it creditor status for purposes of § 523(a)(2)(A).

The Commission properly focuses on its statutory authority to enforce the federal securities laws to establish its creditor status. Under the Securities Exchange Act of 1933 ("Act"), Congress created the Commission as an independent regulatory agency and charged it with the primary responsibility of enforcing the securities laws. *SEC v. Kaplan*, 397 F.Supp. 564, 567 (E.D.N.Y.1975). Under the Act, the Commission is vested with the authority to initiate investigations regarding potential violations and to rectify past and prevent future violations through the civil and administrative enforcement of these laws. The Commission's primary civil remedy is a federal court injunction which directs one or more persons to comply in the future with the securities laws. In addition to injunctive relief, the Commission may also seek ancillary remedies such as the appointment of a receiver and disgorgement. *See In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402, 1406 (9th Cir.1992)("federal court generally has the equitable authority to impose a receivership in an SEC action if the

---

2. "Disgorgement is an equitable remedy designed to deprive a wrongdoer of his unjust enrichment and to deter others from violating the securities laws." *SEC v. Drexel Burnham Lambert, Inc.*, 956 F.Supp. 503, 505 (S.D.N.Y.1997) (citations omitted).

3. The relevant portion of the Disgorgement Judgment provides that "[t]he above disgorgement and prejudgment interest for which Defendant[] . . . Cross . . . [is] liable shall be immediately deposited with the Receiver for CFS appointed by this Court, Richard G. Shaffer."

court determines a receivership is necessary."); *SEC v. Texas Gulf Sulphur Co.,* 446 F.2d 1301, 1308 (2d Cir.1971) *cert. denied,* 404 U.S. 1005, 92 S.Ct. 561; 30 L.Ed.2d 558 (1971) ("SEC may seek other than injunctive relief in order to effectuate the purposes of the Act, so long as such relief is remedial relief and is not a penalty assessment."). When the Commission brings an action for equitable relief, it appears, not as an ordinary litigant, "but as a statutory guardian charged with safeguarding the public interest in enforcing the securities laws." *SEC v. Management Dynamics, Inc.,* 515 F.2d 801, 808 (2d Cir.1975).

The Receiver's primary role initially was to marshal the assets of CFS. The 1994 District Court order appointing the Receiver gave him "full powers of an equity receiver, including, but not limited to full power over all funds, assets, premises, books, records, and other property belonging to or in the possession of or control of CFS and its subsidiaries and affiliates...." The order gives the Receiver full power over the assets of CFS, but does not apply to disgorged funds that may come into his possession at a later time. It was not until after the Commission obtained the Disgorgement Judgment in 1995, that the Receiver was given the additional authority to act as a depository for the disgorged funds. The Disgorgement Judgment does not give the Receiver any further power over the disgorged funds that he was to receive from the individual defendants. Presumably the Receiver will simply hold the disgorged funds pending an order from the District Court regarding their equitable distribution to yet unnamed individuals.[4]

The Receiver's role as depository, therefore, did not deprive the Commission of creditor status. Rather, designating the Receiver as the depository was merely a procedural step done for administrative convenience probably because the Commission is not in the business of holding disgorged funds. Moreover, the Receiver would have already had his accounts open and in place.

There are other practical considerations for finding that the Commission retains an interest in its claim sufficient to support an action on its own behalf. As the chief enforcer of the securities laws, the Commission should not have to depend upon the Receiver to enforce its judgments. In some cases, limited funds in the receivership estate might actually prevent the Receiver from doing so. This result, however, conflicts with the Commission's role as a statutory guardian charged with safeguarding the public interest. In addition, any costs incurred by the receivership estate in connection with enforcing the Disgorgement Judgment would reduce recovery to the defrauded investors in this case, whereas allowing the Commission to proceed preserves resources.

Accordingly, the Panel finds that the Commission, as the appointed statutory enforcer of the federal securities laws, holds a claim—or enforceable obligation—against the Debtor. The Commission therefore has standing as a creditor for purposes of § 523(a)(2)(A). *See Nathanson v. NLRB,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952) (NLRB was a creditor within the meaning of the Bankruptcy Act because it was the only party entitled to enforce the National Labor Relations Act); *In re Evans Products Co.,* 60 B.R. 863, 869 (S.D.Fla.1986) (Federal Trade Commission, as federal administrative agency, was a creditor in its own right enforcing a statutory obligation in the public interest); *In re Austin,* 138 B.R. 898, 903 (Bankr. N.D.Ill.1992) (Federal Trade Commission had standing in its own right to file a nondischargeability complaint in light of the fact that it is the only party who has a statutory right to assert a claim which is based on a violation of § 5(a) of the Federal Trade Commission Act).

As stated above, the only issue before the Panel concerns the Commission's standing to pursue its dischargeability action. Nonetheless, because the Receiver and the Commission appear to base their § 523 nondischargeability complaints against the Debtor on some of the same facts, there is a poten-

---

4. In many cases the equitable result is to return the money to the victims of the violation. However, such a distribution is not required by stat- ute. *Drexel Burnham Lambert, Inc.,* 956 F.Supp. at 507.

tial for double recovery. Both the Receiver and the Commission are entitled to only a single non-duplicative recovery. The bankruptcy court may also be faced with questions regarding the Bankruptcy Code's priority scheme and subordination statutes. However, these are questions that can be decided at a later time in the underlying case, if necessary.

## IV.

### CONCLUSION

The Commission is the governmental entity that is charged with enforcing the federal securities laws. The Commission's statutory power necessarily extends to the enforcement of orders, such as the Disgorgement Judgment. Therefore, the Commission is a judgment creditor who has a "right to payment" with standing to file a § 523(a)(2)(A) action against the Debtor. The bankruptcy court's decision is REVERSED, and the matter is REMANDED for proceedings in accordance with this decision.