**In re Andrew Frank GORSKI, Hanna Elzbieta Gorski, Debtors.**

**Ricky & Regina Cooper, and Connecticut Commission on Human Rights and Opportunities, Plaintiffs,**

**v.**

**Andrew Frank Gorski, Hanna Elzbieta Gorski, Defendants.**

Bankruptcy No. 01–22405.
Adversary No. 01–2120.

United States Bankruptcy Court,
D. Connecticut.

Jan. 11, 2002.

David M. Teed, Esq., Assistant Attorney General, Hartford, CT, for Connecticut Commission on Human Rights and Opportunities.

Jon Bauer, Esq., Kenneth Newbury, Intern and Brennan Maki, Intern Civil Rights Clinic, University of Connecticut, School of Law, Hartford, CT, for Ricky and Regina Cooper.

Anthony S. Novak, Esq. and Teresa A. Fontaine, Esq., Chorches & Novak, P.C., Wethersfield, CT, for Defendants.

*RULING ON MOTION TO DISMISS ADVERSARY PROCEEDING AS TO CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

**I.**

Andrew Gorski and Hanna Elzbieta Gorski ("the debtors") on July 27, 2001, filed a Chapter 7 bankruptcy petition. Prepetition, on January 25, 2001, the Presiding Human Rights Referee of the Connecticut Commission on Human Rights and Oppor-

tunities ("CHRO"), issued an order, following a contested hearing, awarding Ricky Cooper and Regina Cooper ("the Coopers") $5,000 in damages and $20,000 in attorney's fees ("the award") arising from housing discrimination found committed by the debtors. The debtors neither appealed the award nor complied with it.

The Coopers and CHRO, on October 26, 2001, filed a complaint for a determination that the award is a nondischargeable debt pursuant to Bankruptcy Code § 523(a)(6) (debt not discharged if "for willful and malicious injury by the debtor to another entity ..."). The debtors have moved to dismiss the adversary proceeding as to CHRO on the ground that CHRO lacks standing since it is not a creditor of their bankruptcy estate. CHRO objects to the motion, contending that, as a state agency with a statutory duty to enforce civil rights laws, it has standing in bankruptcy cases even if it is not a recipient of the award.

## II.

The Connecticut legislature in Conn. Gen.Stat. § 46a–52 *et. seq.* established CHRO as a state agency with extensive powers and duties to "eliminate the discriminatory effects of the past as well as bar like discrimination in the future," *Civil Service Commission v. CHRO,* 195 Conn. 226, 230–231, 487 A.2d 201 (1985), including the area of discriminatory housing practices. Section 46a–94(a) provides for appeals to the Connecticut Superior Court from final orders of a CHRO presiding officer. Section 46a–95 further provides:

> The commission through the Attorney General, the commission counsel, or the complainant may petition the court within the judicial district wherein any discriminatory practice occurred or in which any person charged with a discriminatory practice resides or transacts business, for the enforcement of any or-

der issued by a presiding officer under the provisions of this chapter and for appropriate temporary relief or a restraining order.

## III.

The decision in this matter is governed by *Nathanson v. National Labor Relations Board,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952). In *Nathanson,* the Supreme Court ruled that a governmental agency created to enforce public policies has standing in a bankruptcy court to enforce a debt despite the fact that the agency will not be the ultimate recipient of the money. This doctrine has since been followed fairly uniformly in bankruptcy courts. *See, e.g., Securities Exchange Commission v. Cross (In re Cross),* 218 B.R. 76 (9th Cir. BAP 1998) (citing authorities and holding that the Securities and Exchange Commission, having obtained a prepetition judgment ordering the debtor to disgorge and deposit with a receiver for the benefit of defrauded investors, has standing to bring a nondischargeability complaint).

## IV.

### *CONCLUSION*

The court concludes that since CHRO was created to enforce state public policies and has statutory authority to enforce obligations contained in a CHRO order, CHRO has an institutional interest and standing in the present adversary proceeding as a plaintiff. The debtors' motion to dismiss is denied. It is

SO ORDERED.