**In re Elliot S. SIMON, Debtor.**

**Joseph Fishbach, Mae Fishbach, Michael Fishbach, Paul D. Giles, Roben Hertz, Jacqueline P. Hertz, Nancy J. Rakowski, Richard Sears, Ohmer Jack Anderson, Opal Anderson, Ohmer Jack Anderson as Trustee of the Ohm-**

er Jack Anderson Trust, Brian Grothe, Brian Grothe as Trustee of the Brian Grothe Revocable Trust, Louis Meucci, Herbert Myers, Evelyn Ruben, Evelyn Rubin as Trustee of the Evelyn Rubin Living Trust, Plaintiffs,

United States of America,
Intervening Plaintiff,

v.

Elliot S. Simon, Defendant.

Bankruptcy No. 03–20713–BKC–RBR.
Adversary No. 03–2300–BKC–RBR–A.

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

June 22, 2004.

Leslie S. Osborne, Arnstein & Lehr LLP, Boca Raton, FL, for debtor.

Patrick S. Scott, Ft. Lauderdale, FL, for trustee.

Paul K. Silverberg, Silverberg & Associates, P.A., Weston, FL, for creditor.

Seth B. Shapiro, U.S. Dept. of Justice, Washington, DC, for Intervening Plaintiff.

## AMENDED MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

The matters before the Court are cross motions for summary judgment under 11 U.S.C. § 523(a)(19) filed by the above-referenced Plaintiffs, Joseph Fishbach, Mae Fishbach, et al. ("Plaintiffs") and Defendant–Debtor Elliot S. Simon ("Debtor"). For the reasons set forth below, the Court grants the Plaintiffs' motion for summary judgment and denies the Debtor's cross motion for summary judgment under 11 U.S.C. § 523(a)(19).[1]

### FINDINGS OF FACT

The Plaintiffs are former investor clients of the Debtor. The Plaintiffs initiated an arbitration proceeding against the Debtor in connection with the purchases of certain securities for which the Debtor acted as the Plaintiffs' broker. The arbitration proceeding resulted in an arbitration award which was ultimately confirmed in a final judgment in favor of the Plaintiffs and against the Debtor (the "Award"). The Award found that the Debtor had violated the Florida Securities and Investor Protection Act and the Florida Securities Act and that the Debtor was liable to the Plaintiffs under Section 517.211 of the Florida Statutes. Fla. Stat. §§ 517.07, 517.211, and 517.303.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701, et seq. The Plaintiffs filed a complaint seeking a determination of the dischargeability of the Award under Section 523(a)(2), and (a)(4), and (a)(19) of the Bankruptcy Code. The parties agree that the material facts are not in dispute and that summary judgment is appropriate. After the cross motions for summary

1. Title 11 of the United States Code is re- ferred to hereinafter as the Bankruptcy Code.

judgment were filed and a hearing was conducted, the Plaintiffs and the Debtor stipulated that the Award meets all criteria for exception from discharge under Section 523(a)(19) of the Bankruptcy Code and that the sole issue for this Court to determine is the constitutionality of Section 523(a)(19). The Plaintiffs dismissed the counts under Section 523(a)(2) and (a)(4). The parties agree that if Section 523(a)(19) is constitutional, the Award should be excepted from discharge.

By consent of all parties, the United States of America was granted leave to intervene in this adversary proceeding pursuant to 28 U.S.C. § 2403(a) to defend the constitutionality of Section 523(a)(19).

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157, 1334. This is a core proceeding in which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(I).

## CONCLUSIONS OF LAW

■ The sole legal issue for this Court to decide is the constitutionality of Section 523(a)(19) of the Bankruptcy Code. The Debtor asserts that this section is not constitutional because it violates the uniformity requirement for bankruptcy laws. The Plaintiffs disagree.

## History of Section 523(a)(19)

Section 523(a)(19) of the Bankruptcy Code excepts from discharge debts resulting from judgments, orders, and settlement agreements arising out of the violation of federal or state securities laws.[2] Section 523(a)(19) was added to the Bankruptcy Code in 2002 as part of the Sarbanes–Oxley Act. Title VIII of the Sarbanes Oxley Act of 2002 is entitled "The Corporate and Criminal Fraud Accountability Act of 2002" (the "Accountability Act"). The Accountability Act was designed, *inter alia*, to disallow debts incurred in violation of securities fraud laws from being discharged in bankruptcy. Section 803 of the Accountability Act added subsection (19) to the exceptions to discharge set forth in Section 523(a) of the Bankruptcy Code. The purpose of the section was to "[a]mend the Bankruptcy Code to make judgments and settlements based upon securities law violations nondischargeable, protecting victims' ability to recover their losses." 148 Cong. Rec. S1787 (daily ed. March 12, 2002)(statement of Senator Leahy). Congress was concerned about the ability of "wrongdoers to discharge their obligations under court judgments or settlements based on securities fraud and other securities violations . . . [even] after a government unit or private suit results in a judgment or settlement against the wrongdoer." S.Rep. No.

2. 11 U.S.C. § 523(a)(19) excepts from the discharge of an individual any debt that
    (A) is for–
        (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal of State securities laws; or
        (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
    (B) results from–
        (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
        (ii) any settlement agreement entered into by the debtor; or
        (iii) any court or administrative order for damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

107–146 (2002). Congress also wanted to eliminate the need for State regulators to reprove fraud cases in bankruptcy court, a situation that existed due to certain technical differences between remedial statutes directed at securities fraud and the requirements for establishing fraud under the existing exceptions to discharge. *Id.* For a discussion of the history of the enactment of Section 523(a)(19), see *Smith v. Gibbons (In re Gibbons)*, 289 B.R. 588, 591–93 (Bankr.S.D.N.Y.2003); see also *Idaho v. McClung (In re McClung)*, 304 B.R. 419, 424–25 (Bankr.D.Idaho 2004).

### Constitutionality of Bankruptcy Laws

Congress is empowered to enact uniform laws on the subject of bankruptcy pursuant to Article I, Section 8, Clause 4 of the United States Constitution. The Debtor contends that Section 523(a)(19) of the Bankruptcy Code is not a uniform law to the extent it incorporates state securities laws. Securities laws differ among the states. An act that creates a liability for the violation of a securities law in one state may not result in any liability for violation of a securities law if committed in another state. Consequently, the Debtor asserts that Section 523(a)(19) violates the uniformity requirement of the Constitution because as a resident of Florida, he is subject to different discharge liability of the various states in which he transacted business. U.S. Const. art. I, § 8, cl. 4. This Court disagrees.

■ Legislative acts which adjust the burdens and benefits of economic life enjoy a presumption of constitutionality. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976); *Golden v. Flagship Factor Corp. (In re Golden)*, 16 B.R. 585, 587 (Bankr. S.D.Fla.1981). The Debtor bears the burden of overcoming the presumption of constitutionality. *Id.* Absent a clear showing of a violation of a constitutionally protected right or privilege, questions of constitutionality should be resolved in favor of the act. *Id.*

■ The Supreme Court has made it clear that the constitutional requirement for uniformity in bankruptcy laws does not preclude the Bankruptcy Code from incorporating state laws which may impact the bankruptcy process and may lead to different results in different states.

> Notwithstanding this requirement as to uniformity the bankruptcy acts of Congress may recognize the laws of the state in certain particulars, although such recognition may lead to different results in different states.

*Stellwagen v. Clum,* 245 U.S. 605, 613, 38 S.Ct. 215, 217, 62 L.Ed. 507 (1918). The recognition of state laws affecting a variety of subjects including dower, exemptions, the validity of mortgages, priorities of payment, and the like, does not affect the constitutionality of bankruptcy laws, although in these particulars the operation of the bankruptcy laws is not alike in all the states. *Id.* Nor can such recognition of state laws be perceived as an attempt by Congress to unlawfully delegate its legislative power to establish uniform bankruptcy laws. *Hanover National Bank of the City of New York v. Moyses,* 186 U.S. 181, 190, 22 S.Ct. 857, 861, 46 L.Ed. 1113 (1902).

■ The constitutional grant of power to Congress to establish bankruptcy laws involves the power to impair the obligations of contracts, something which the individual states were forbidden to do. *Moyses,* 186 U.S. at 188, 22 S.Ct. at 860. The laws passed by Congress must be uniform, but that uniformity is geographical and not personal. *Id.* The bankruptcy system is uniform in the constitutional sense when the trustee takes in each state whatever would have been available to the

creditor if the bankruptcy law had not been passed. "The general operation of the law is uniform although it may result in certain particulars differently in different states." *Moyses*, 186 U.S. at 190, 22 S.Ct. at 861.

> The uniformity requirement is not a straightjacket that forbids Congress to distinguish among classes of debtors, nor does it prohibit Congress from recognizing that state laws do not treat commercial transactions in a uniform manner.

*Railway Labor Executives' Ass'n v. Gibbons*, 455 U.S. 457, 469, 102 S.Ct. 1169, 1176, 71 L.Ed.2d 335 (1982).

Courts have consistently held that bankruptcy laws affecting discharge which incorporate state laws comply with the uniformity requirement of the Constitution. See, e.g., *Wood v. United States (In re Wood)*, 866 F.2d 1367 (11th Cir.1989)(dischargeability of taxes); *In re Reese*, 91 F.3d 37 (7th Cir.1996)(dischargeability of debts resulting from drunk driving). This Court has located only one instance where a Congressional law on the subject of bankruptcy has been held unconstitutional on the basis of lack of uniformity. In *Railway Labor Executives' Ass'n v. Gibbons*, the Supreme Court held that the Rock Island Transition and Employee Assistance Act, legislation enacted solely for the benefit of employees of a certain bankrupt railroad, violated the uniformity requirement because it applied only to one debtor and could be enforced only by the one bankruptcy court having jurisdiction over that debtor. 455 U.S. 457, 471, 102 S.Ct. 1169, 1177, 71 L.Ed.2d 335. The act in question amounted to a private bankruptcy law directed toward a single entity in violation of the constitutional uniformity

requirement. *Id*, 455 U.S. at 472–73, 102 S.Ct. at 1178.

Section 523(a)(19) of the Bankruptcy Code can hardly be described as a private bankruptcy bill. This section excepts from discharge all debts resulting from judgments, orders, and settlement agreements arising out of the violation of state or federal securities laws. The provision complies with the constitutional requirement of uniformity.

■ The Debtor has failed to establish the unconstitutionality of Section 523(a)(19). The Debtor's argument that securities laws vary from state to state does not render Section 523(a)(19)'s reference to state securities laws unconstitutional. Interestingly, the Debtor has not argued that Section 522(b)(2)'s provision allowing debtors to take advantage of state exemption laws is unconstitutional despite the fact that state laws on the subject of exemptions vary greatly. He has not complained that Florida residents are entitled to an unlimited homestead exemption whereas residents of other states enjoy substantially less.[3] The uniformity requirement of the constitution is not violated when bankruptcy results are impacted by state law.

## CONCLUSION

Section 523(a)(19) of the Bankruptcy Code does not violate the constitutional requirement for uniformity in bankruptcy laws. The Plaintiffs' Motion for summary judgment is hereby granted and the Debtor's motion for summary judgment is hereby denied The Debtor's obligation to the Plaintiffs set forth in the Award are ex-

---

**3.** For example, the homestead exemption in Missouri is limited to $15,000. Mo.Rev.Stat. § 513.475.

cepted from discharge pursuant to Section 523(a)(19) of the Bankruptcy Code.