# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: JAMES LEWIS,
                        *Debtor,*

JAMES LEWIS,
                *Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT OF
EDUCATION,
                *Defendant-Appellee.*

No. 06-35255

D.C. Nos.
CV-05-00034-S-
BLW
ADV. # 04-6060

OPINION

Appeal from the United States District Court
for the District of Idaho
Ralph R. Beistline, District Judge, Presiding

Submitted September 26, 2007*
Seattle, Washington

Filed November 5, 2007

Before: Betty B. Fletcher, Andrew J. Kleinfeld, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge B. Fletcher

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

14611

## COUNSEL

D. Bernard Zaleha, Attorney at Law, Boise, Idaho for the plaintiff-appellant.

Amy S. Howe, Assistant United States Attorney, Boise, Idaho, for the defendant-appellee.

## OPINION

B. FLETCHER, Circuit Judge:

Appellant James Lewis seeks review of a final judgment issued by the United States District Court for the District of Idaho in favor of appellee United States Department of Education ("Department"). The bankruptcy court held and the district court affirmed that a congressional amendment to the law governing the dischargeability of a student loan obligation in bankruptcy may be retroactively applied to an obligation incurred prior to the date the law was changed. Whether the district court correctly ruled that the retroactive amendments

govern appellant's student loans is the single issue of law before this court on appeal. Appellant's central argument is that he had a right to rely on the statute of limitations in effect at the time he incurred his obligation because (a) the statute of limitations was an implicit term of the contract he signed, (b) his contract created a property right to discharge his student loans after the prescribed statutory period, and (c) any government action to impair his contractual right violates his Fifth Amendment right to due process.[1]

We reject his challenge. Bankruptcy is a legislatively created benefit, not a right, that Congress may alter or withhold at its discretion. It did exactly that in 1998 when it amended 11 U.S.C. § 523(a)(8)(A) to eliminate, retroactively, the dischargeability of student loans such as appellant's that have been in repayment for seven years or more. Congress left in place an undue hardship exception to nondischargeability, which appellant does not claim. Through its power to legislate on bankruptcies, Congress has the power to impair contractual obligations, even retroactively, and appellant has no superseding right to a discharge in bankruptcy.

## BACKGROUND

Appellant Lewis obtained a student loan September 5, 1984, and executed a promissory note to secure it in the amounts of $2,500.00 in order to attend Platt College in San Diego, California. Lewis later obtained two additional loans, executing one promissory note in the amount of $2,625.00

---

[1]Appellant also attempts to invalidate the relevant congressional amendment under the Sovereign Acts Doctrine. The doctrine holds that when government undertakes a public and general act, it is not liable for incidental breach of contract liability to private parties with whom it contracts. *See U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111 (E.D.Cal., 2001). Appellant does not have a contract incidentally breached by a public and general act. Rather, he is one member of the class intentionally affected, albeit adversely, by a public and general act. We reject his arguments to the contrary and reject his challenge under the Sovereign Acts Doctrine.

dated May 25, 1988 and one in the amount of $4,000.00 dated December 3, 1988, both in order to attend Musicians Institute in Hollywood, California. Lewis agreed to the terms of the promissory notes, which were, in relevant part, to repay the loans including accrued interest.[2] The California Student Aid Commission guaranteed all the loan obligations. Appellee Department reinsured the loans under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. §§ 1071-1087-4.[3] Lewis defaulted on each of his three loan obligations.[4] Due to these defaults, the guarantee agency paid to the lender claims in the amounts of $2,243.02, $2,776.73 and $5,964.39. Under the terms of its reinsurance agreement, Appellee Department reimbursed the guarantor, which was unable to collect the amounts due and assigned its right and title to the loans to the Department on August 25, 1997.

---

[2]Appellant alleges that the financial aid officer at Musicians Institute advised him when he obtained the May 25, 1998 loan that he could discharge his loans through bankruptcy and that he relied on this representation in deciding to accept the loan. However, he states that he did not have any plans to file for bankruptcy. Department alleges that to the extent Lewis relied on representations of the loan officer, Lewis establishes that he obtained the loans in bad faith. If a person entered into a contract with the intention of declaring bankruptcy and not paying what he promised, then his conduct would be fraudulent. However, we do not reach that issue in the instant case.

[3]Established by the Higher Education Act of 1965, the Guaranteed Student Loan Program (since renamed the Federal Family Education Loan Program) provides interest rate subsidies and federal insurance for private lenders to make student loans pursuant to 20 U.S.C.S. §§ 1078(a) and (c) (1994). Under 20 U.S.C.S. § 1078(c), original lenders sell loans to other lenders to raise funds to make, specifically to originate, additional loans. Guaranty agencies guarantee the loans, paying loan holders the amounts due and taking assignment of the loans if students default. The Secretary of Education reinsures the loans and ultimately reimburses guaranty agencies on a sliding scale pursuant to 20 U.S.C.S. § 1078(c)(1).

[4]Default dates were April 24, 1991, January 30, 1991 and November 29, 1992, respectively.

Congress has sought progressively to limit the instances in which student loan debts may be discharged in bankruptcy. In 1998, Congress amended 11 U.S.C. § 523(a)(8)(A), which had provided that student loans in repayment for seven years were eligible for discharge.[5] *See* Higher Education Amendments of 1998, Pub. L. No. 105-244, § 971, 112 Stat. 1581, 1837 (1998). The 1998 Amendments repealed the safe harbor provision "with respect to [student loans in bankruptcy] cases commenced under Title 11, United States Code, after the date of enactment of this Act." *Id. at* § 971(b). The only remaining exception to nondischargeability is through a showing of undue hardship, which is not at issue in this case. Lewis filed a petition for voluntary bankruptcy discharge under Title 11, Chapter 7 on November 30, 2003.[6]

Lewis filed an adversary proceeding on February 27, 2004 in bankruptcy court against the Department seeking a declaratory judgment that his obligation to repay his student loans was discharged. The bankruptcy court dismissed Lewis' complaint upon the Department's motion for summary judgment holding that the version of 11 U.S.C. § 523(a)(8) in effect on the date the bankruptcy petition was filed, not the version of the statute that was in effect on the date the student loans were made, controlled. The district court affirmed the bankruptcy court's decision. Lewis timely appealed to this court pursuant to Federal Rules of Appellate Procedure 4(a)(1) and 26(a).

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334(b). The district court had jurisdiction to hear

---

[5]At the time of its enactment in 1978, § 523 (a)(8)(A) provided that student loans in repayment for five years at the time a bankruptcy petition was filed would be discharged in that bankruptcy. Pub. L. 95-598 (November 6, 1978), § 523 (a)(8)(A), 92 Stat. 2549, 2591. In 1990, Congress extended the time a student loan had to be in repayment from five years to seven years. *See* Pub. L. 101-647, § 3621(2), 104 Stat. 4789, 4965 (1990) (amending 11 U.S.C. § 523(a)(8) (1984)).

[6]As of July 30, 2004, Lewis owed the Department $20,774.27 plus interest, accruing at the rate of 8% per annum ($1.97 per day).

the appeal from the bankruptcy court under 28 U.S.C. § 158(a). This court has jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

**1.  The 1998 Amendments Apply to Appellant's Loans Retroactively.**

**[1]** Since October 7, 1998 when Congress amended federal bankruptcy law to eliminate 11 U.S.C. § 523(a)(8)(A), student loans over seven years in repayment, dischargeable in bankruptcy at the time appellant entered the loan, can no longer be discharged. Appellant filed his voluntary Chapter 7 bankruptcy discharge petition on November 20, 2003, six years after the effective date of the 1998 Amendments.

Appellant argues that his loans are dischargeable because the version of Section 523(a)(8)(A) in effect when he signed his promissory note, which had provided that student loans in repayment for seven years were eligible for discharge, became part of his contract. Accordingly, appellant contends that he is contractually entitled to a discharge of his student loans in bankruptcy. To support his argument, appellant recites Supreme Court jurisprudence explaining that "the laws which subsist at the time and place of the making of a contract . . . enter into and form a part of it, as if they were expressly referred to or incorporated in its terms." *Von Hoffman v. City of Quincy*, 71 U.S. 535, 550 (1866). He then argues that the D.C. Circuit has applied this principle in the student loan context. Relying on *Armstrong v. Accrediting Council for Continuing Educ. and Training, Inc.*, 168 F.3d 1362 (D.C. Cir. 1999) appellant argues that subsequent enactments of Congress that impair benefits cannot be applied retroactively when those contracts were entered into in reliance upon prior statutes. The district court rejected these arguments, calling the cases cited by Lewis "neither apropos, controlling, nor persuasive." Dist. Ct. Op. at 8.

**[2]** We review *de novo* the district court's decision on an appeal from a bankruptcy court. *See, e.g. In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005). First, the statute in question in *Armstrong*, the Holder Rule,[7] does not deal with Congress' power to create uniform bankruptcy laws and is therefore not relevant to this case. Moreover, the *Armstrong* court elected not to apply the Holder Rule retroactively because Congress expressly exempted student loans from the rule. *Armstrong*, 168 F. 3d at 1368. In this case, statutory language indicates congressional intent to remove the statute of limitations for all cases filed after October 7, 1998. *See* Higher Education Amendments of 1998, Pub. L. No. 105-244, § 971(b), 112 Stat. 1581, 1837 (1998). Moreover, *Von Hoffman* and other general contract law cases cited by appellant simply do not support his claim. Appellant fails to address why his case should be an exception to the generally strict enforcement by bankruptcy courts of the effective date of the 1998 Amendments. *See, e.g. In re McCormick,* 259 B.R. 907 (8th Cir. BAP (Mo.), 2001) (holding that the seven year rule to discharge a debtor's student loans was unavailable to her because she filed her bankruptcy petition two months after the effective date of the 1998 Amendments, and the only option available to discharge her student loans was a showing of undue hardship). We hold that appellant's loans are controlled by the 1998 Amendments.

## 2. The Bankruptcy Clause Provides Congress With the Authority to Retroactively Impair Appellant's Contract.

Appellant argues that the Fifth Amendment due process clause imposes essentially the same restraint on the impairment of contracts as does the Contract Clause[8] (citing *North-*

---

[7]The Federal Trade Commission's "Holder Rule" does not implicate the Bankruptcy Clause; rather it requires purchase money loan agreements to contain a notice to all loan holders that preserves the borrower's ability to raise claims and defenses against the lender arising from the seller's misconduct. *See* 16 C.F.R. § 433.2(a) (1998).

[8]Art. 1, § 10, cl. 1 of the U.S. Constitution.

*western Nat. Life Ins. Co. v. Tahoe Regional Planning Agency*, 632 F.2d 104, 106 (9th Cir. 1980)). The district court held that while that may be true in some instances, the enacting legislation under the Bankruptcy Clause, Art. 1, § 8, cl. 4 of the U.S. Constitution controls in this instance. Relying on *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 516 (1938), the district court reasoned that Lewis' student loan contract "was made subject to constitutional power in the Congress to legislate on the subject of bankruptcies impliedly written into the contract between Lewis and the original lender." Dist. Ct. Op. at 3.

This court, reviewing the district court's decision *de novo*, applies the presumption of constitutionality accompanying congressional acts to the 1998 Amendments.[9] To overcome the presumption, appellant debtor must show a violation of a constitutionally protected right or privilege. *In re Simon*, 311 B.R. at 645 (citing *In re Golden*, 16 B.R. 585, 587 (Bankr. S.D. Fla., 1981)). In this case, appellant alleges a violation of his Fifth Amendment right to due process. The questions we must answer are whether Congress has the power to impair appellant's contractual obligation through its power to legislate on bankruptcies and whether appellant has a superseding right to discharge in bankruptcy.

**[3]** Congress has specific authority under the Bankruptcy Clause to regulate discharge in bankruptcy that is "not so grossly unreasonable as to be incompatible with fundamental law[.]" *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 192 (1902). The district court relied on Ninth Circuit precedent explaining that under the Bankruptcy Clause:

[Congress has] the power to establish uniform laws

---

[9]Legislative acts that affect the "burdens and benefits of economic life" are granted a presumption of constitutionality. *In re Simon*, 311 B.R. 641, 645 (Bankr. S.D. Fla., 2004) (citing *Usery v. Turner Elkhorn Mining Co*., 428 U.S. 1, 15 (1976)).

on bankruptcy throughout the nation. Generally, this authority includes the power to discharge the debtor from his contracts and legal liabilities as well as to distribute his property. Thus, bankruptcy legislation has traditionally operated to affect creditors' interests which vested prior to the effective date of the legislation. *Unlike the states, Congress is not prohibited from passing laws that impair contractual obligations.* In fact, the very essence of bankruptcy laws is the modification or impairment of contractual obligations. *In re Webber*, 674 F.2d 796, 802 (9th. Cir. 1982) (internal quotation marks and citations omitted); *see also Railway Labor Executives' Ass'n v. Gibbons*, 455 U.S. 457, 466 (1982).

Dist. Ct. Op. at 3-4 (emphasis added)

**[4]** As noted by the district court, pursuant to authority under the Bankruptcy Clause, Congress may pass laws that impair contractual obligations. The court noted that in fact, discharge in bankruptcy necessarily impairs or modifies the rights of the creditor by eliminating the personal liability of a debtor to a creditor. While appellant argues that contemporaneous laws are read into contracts as if they were expressly referred to or incorporated in its terms, he fails to take into account that "essential attributes of sovereign power [are] also read into contracts as a postulate of the legal order." *Wright*, 304 U.S. at 516 (quoting *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 435 (1934)). Appellant signed his promissory note subject to this congressional authority to impair his contractual obligation.

**[5]** The district court further found that Congress may impair appellant's contract retroactively. As the district court noted we have previously rejected arguments against retroactivity similar to those made by appellant. In *Matter of Reynolds,* 726 F.2d 1420 (9th Cir. 1984), this court retroactively made nondischargeable certain support obligations. As the

district court also noted, the Supreme Court recently upheld retroactive application of a change in the law permitting the Department to administratively offset delinquent student loans against Social Security benefits for loans incurred prior to the time the government could do so. *Lockhart v. U.S.*, 546 U.S. 142 (2005). Although not addressing precisely the same issue, *Lockhart* is "nonetheless a powerful indication that the Supreme Court would not adopt the position advanced by Lewis. . . ." *Lockhart* applied law as it existed at the time of the decision rather than laws at the time the student loans were made. Applying laws existing at the time of this decision, we hold that Congress has the authority to impair appellant's contractual obligation, and did so appropriately through the 1998 Amendments.

### 3.   Appellant Has No Superseding Right to a Discharge in Bankruptcy.

**[6]** Appellant argues he has a contractual right to rely on bankruptcy provisions in effect in 1984, which the parties agree, would allow him to avoid repaying his loan obligation in the instant case. The district court noted that bankruptcy is a legislatively created benefit that Congress may withhold at its discretion, citing Supreme Court precedent explaining that "a debtor has no constitutional or 'fundamental' right to a discharge in bankruptcy." *Grogan v. Garner*, 498 U.S. 279, 286 (1991), citing *U.S. v. Kras*, 409 U.S. 434, 445-446 (1973). Congressional repeal of a statute of limitations on a legislatively created benefit such as bankruptcy does not deprive appellant of property in violation of the Fourteenth Amendment. *See Campbell v. Holt*, 115 U.S. 620 (1885). We hold that because appellant has not been deprived of property, his claim alleging violation of due process under the Fifth Amendment must necessarily fail.

### CONCLUSION

We hold that the district court correctly ruled that appellant's student loans are governed by the retroactive 1998

Amendment to 11 U.S.C. § 523(a)(8)(A) which eliminated the dischargeability of his loan. We further hold that through its power to legislate on bankruptcies, Congress has the power to impair contractual obligations, even retroactively. Finally, we reject appellant's claim to an absolute right to a discharge in bankruptcy and hold appellant has not been deprived of a property interest.

**AFFIRMED.**