**Dee Ella LEE, Plaintiff,**

**v.**

**Roderick PAIGE, Secretary of the United States Department of Education, Defendant.**

**No. 02–489–CV–W–GAF.**

United States District Court, W.D. Missouri, Western Division.

July 25, 2003.

James Smith, Legal Aid of Western Missouri, Kansas City, MO, for Plaintiff.

David DeTar Newbert, E. Eugene Harrison, U.S. Attorney's Office, Kansas City, MO, for Defendant.

## ORDER

FENNER, District Judge.

Now before the Court are two cross motions for summary judgment. Plaintiff Dee Ella Lee ("Lee") filed a motion for partial summary judgment asking the Court to find that the Defendant, Roderick Paige, Secretary of the United States Department of Education, ("Education") has been improperly offsetting Lee's Social Security benefits in order to collect on two student loans that are both over twenty years old. In response, Education filed its own motion for summary judgment arguing that it had the power to offset Lee's Social Security benefits, that such offsets did not violate due process, that the retroactive abrogation of the statute of limitations regarding the collection of Lee's debts did not violate due process, and that such offsets were not barred by the doctrine of laches.

## DISCUSSION

### I. Facts

There are very few facts underlying the present motions and they are, in large part, uncontroverted. In 1978, Lee took out two Perkins Loans to fund her studies at Penn Valley Community College. Perkins Loans are distributed from a fund capitalized by Education through contributions of Federal money that is distributed by secondary education institutions.

The first loan Lee obtained was in the amount of $1,400. Lee, who was 43 and on Social Security at the time, signed a promissory note vowing to repay the loan. In early 1981, Lee entered into a repayment plan for the loan, however she defaulted in 1984. Lee made no further voluntary payments on the loan and, in 2001, Education began offsetting Lee's Social Security payments in order to repay the loan. Education claimed it was authorized to offset Lee's benefit payments under the Treasury Offset Program. As of March 2003, the total amount owing on this loan, including interest and fees, was $1,938.80.

The second loan Lee obtained was drawn in the fall of 1978 in the amount of $2,000. This loan, like the prior loan, entered into repayment in 1981. In addition to defaulting on the payment of the previous loan, Lee also defaulted on repayment of this loan in 1984. Education offset Lee's Social Security payments to collect on this loan as well. The total amount owing on this loan, as of March 2003, was $2,694.55

The offsetting of Lee's Social Security payments is the latest in a long history of collection attempts undertaken by Education. Since 1989, nine different collection agencies have attempted to collect the overdue amounts from Lee. Lee previously received Social Security payments of $814 per month. After Education began offsetting her benefits, they were reduced to $750 per month. Lee has been unable to have the loans forgiven because she had a pre-existing disability when she obtained the loans.

Lee filed the current lawsuit alleging that the offset of her Social Security payments is not authorized by the administrative offset statute, 31 U.S.C. § 3716. She has since moved for partial summary judgment on the issue of whether Education is authorized to offset her Social Security

benefits. Lee argues that § 3716, which allows government agencies to offset certain government payments, such as Social Security, does not allow offsets for claims that are over ten years old. Lee asserts, and it is apparently uncontested, that the claims of default on her two student loans are older than ten years. As such, argues Lee, Education is precluded from offsetting her Social Security payments under the plain terms of § 3716. In the alternative, Lee argues that the offsetting of her benefits, if statutorily permissive, violates the due process clause and the doctrine of laches. Assuming that Education cannot offset her Social Security payments, Lee argues that the retroactive elimination of the prior six-year statute of limitations by § 1091a violates due process.

Education contends that the offsetting of Lee's benefits is permissible despite the 10–year limitation in § 3716. It points to 20 U.S.C. § 1091a which states that no federal or state statutes of limitations or other regulations shall prevent Education from collecting on student loans. According to Education, this statute removes all statutes of limitations obstacles which would otherwise prevent the collection of old loans. Education asserts that § 3716 cannot be read to impose a 10–year limitation on the offset of Social Security benefits for the purpose of paying student loans because such a restriction would overrule the unlimited grant of time contained in 20 U.S.C. § 1091a. Education proceeds to argue that the practice of offsetting Lee's benefits does not violate due process because the decision to offset was a reasonable determination by Education and because Lee had adequate notice and time in which to contest the offset. Furthermore, Education claims that laches does not apply because it has been trying to recover payment for the loans since 1989, hence there is no undue delay in its efforts.

## II. Standard

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States,* 600 F.2d 725, 727–28 (8th Cir.1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning,* 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter,* 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also City of Mt. Pleasant v. Associated Elec. Coop., Inc.,* 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

At the summary judgment stage the judge's function is not to weigh the credibility of the evidence, but rather to determine whether a genuine issue of material

fact exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.,* 106 S.Ct. at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

## III. Analysis

■ The key issue in this controversy is whether Education is authorized to offset Lee's Social Security benefits in order to collect on claims more than ten years old. Resolution of that issue depends entirely on statutory construction, a quintessentially legal matter. If this Court concludes that Education is not authorized to offset Lee's benefits, her claims of violation of due process and of the doctrine of laches are rendered moot.

After a review of the arguments presented by Lee and Education, and after an examination of the plain language of the respective statutes, the Court concludes that Education's argument regarding the applicability of § 1091a to offsets of Social Security benefits cannot be sustained. The Court is persuaded by the decision of *Guillermety v. Secretary of Education,* 241 F.Supp.2d 727 (E.D.Mich.2002). This opinion is highly persuasive, despite its foreign jurisdiction status, because it is factually similar to the present case and because it confronts arguments identical to those made by Education in the current motion. The Court adopts the reasoning of the *Guillermety* decision and highlights a few key points.

Congress has provided that Social Security benefits cannot be offset unless § 407(b) of the Social Security Act is specifically referenced in the offset authorizing statute. *See* 42 U.S.C. § 407(b). In 1991, Congress eliminated all statutes of limitations on the collection of student loans but, in so doing, did not explicitly reference § 407(b) of the Social Security Act. *See* 20 U.S.C. § 1091a. The effect of this law was to abrogate all statutes of limitations that would have barred the collection of past due student loans. This abrogation was even applied retroactively. *See U.S. v. Phillips,* 20 F.3d 1005 (9th Cir.1994). At the time Congress passed § 1091a, governmental agencies were not allowed to offset or garnish Social Security benefits. In 1996, Congress permitted the offsetting of Social Security benefits in order to collect on debts, including student loan debts, specifically referencing § 407(b). *See* 31 U.S.C. § 3716(c)(3)(A)(i). However, Congress also stated that the administrative offset provision, allowing government to offset Social Security payments, did not apply to claims older than ten years. 31 U.S.C. § 3716(e)(1).

Education argues, as it did in *Guillermety,* that the ten-year restriction cannot apply to Education's offsets because to conclude otherwise would overrule § 1091a, which Congress did not intend to do. *See* Def. Opp. at 25. Rather, asserts Education, the proper harmonization of these two statutes is to find that the ten-year limitation in § 3716(e)(1) is negated by Congress' clear intention to allow unlimited time to collect student loans as evidenced in § 1091a. As was recognized by the court in *Guillermety,* such a position is untenable.

The major flaw in Education's argument stems from the chronology of the enactment of the statutes involved. Congress enacted § 1091a prior to enacting § 3716.

When Congress removed all statute of limitations obstacles in § 1091a, it could not have contemplated that its actions would have any effect on Social Security payments because such payments were not yet subject to offset. Congress did not allow for Social Security payments to be reduced to pay outstanding debts until 1996, when it passed § 3716. It does not follow that an earlier general provision, § 1091a, overrides a later, more specific provision, § 3716. *See Guillermety,* 241 F.Supp.2d at 753. This is especially true in light of the fact that Congress could have, but did not make an exception in § 3716(e)(1) for student loans.

A better reading of § 3716 and § 1091a would be the following: Congress declared in 1091a that there would no limitations on when student loans could be collected. This statute controls the time for collecting past due amounts. In § 3716, Congress allowed for Education to reach various sources as a means of offsetting past due claims, but provided that Social Security benefits could not be offset for claims over ten years old. This statute controls the sources of funds to which Education can look to satisfy its claim. Section 3716 does not limit Education's time in which to collect student loans, rather it limits Education's ability to look to Social Security benefits for repayment. In short, Education is still entitled to pursue it's the collection of Lee's student loans. It may not however, look to Lee's Social Security benefits to collect.[1] Due to the age of its claims against Lee, Education is not authorized, in this case, to satisfy its claim by offsetting Lee's Social Security benefits.[2]

■ Which brings to the fore, Lee's claim that the retroactive application of § 1091a to her situation violates due process. Lee concedes that the retroactive application of statute of limitations changes does not, per se, violate due process. *See* Pl. Reply at 7 (citing *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945)). Lee instead argues that abrogating the six-year statute of limitations on contract claims would work a "special hardship" upon Lee, or would have an "oppressive effect." *See* Pl. Reply at 7. Lee claims that the "extreme delay" on the part of Education in pursuing repayment of the loans has caused her to lose memory and paperwork relating to the loans. However, Lee does not dispute that she took out the loans. She does not dispute that she owes money on the loans. She does not dispute that Education, in order to collect on the loan, has utilized nine different collection agencies over the course of twelve years. She also admits that she has received repeated calls and letters inquiring about her failure to pay on the loans. These facts present the clear impression that, if there has been any extreme delay, it has been Lee's delay in paying her undisputed obligations. The Court is sympathetic to the fact that Lee has limited income from her Social Security benefits. However, Lee does not cite to any case law which holds that the loss of paperwork, memory, or even the inability

1. As the court in *Guillermety* noted, the reason for this derives from the nature of Social Security benefits. "Social Security benefits ... are designed to provide recipients with funds to meet their most basic needs, e.g., food, shelter, medicine." *Guillermety,* 241 F.Supp.2d at 754 n. 25. Further evidence of the unique nature of Social Security payments is found in the fact that Congress has imposed limitations upon itself with regard to the offset of such benefits stating that attachment

will only be authorized by express, statutory reference to § 407(b) of the Social Security Act. *See Id.*

2. Because the Court finds that Education may not offset Lee's Social Security benefits in order to collect on her overdue loans, the Court does not consider her claims that such offsets violated due process or the doctrine of laches.

to pay a debt constitutes a "special hardship" for purposes of retroactively abrogating a statute of limitations. In the present case, Lee's hardship stems from the fact that she has limited income, not from the fact that Education is able to pursue collection without regard to statutes of limitations. For these reasons, Lee's claim that the retroactive application of § 1091a violates due process is infirm.

## CONCLUSION

For the above reasons, Plaintiff Dee Ella Lee's Motion for Partial Summary Judgment is GRANTED. Defendant Roderick Paige, Secretary of the Department of Education's Motion for Summary Judgment is GRANTED IN PART, and DENIED IN PART. Accordingly, it is ORDERED as follows:

1) Defendant has no authority, under 31 U.S.C. § 3716 to offset Plaintiff's Social Security payments in order to satisfy outstanding student loan debts, because Education's claims are more than ten years old.

2) Defendant is hereby enjoined from any future offsets of Plaintiff's Social Security benefits.

3) Such ruling does not preclude the ability of Defendant to continue to look to Plaintiff for payment of her debts.

4) Retroactive application of 20 U.S.C. § 1091a does not violate Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

**IT IS SO ORDERED.**