# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3819

_____

Dee Ella Lee,                          *
                                       *
            Appellee,                  *
                                       *  Appeal from the United States
      v.                               *  District Court for the Western
                                       *  District of Missouri.
Roderick Paige, Secretary of the       *
Department of Education,               *  [PUBLISHED]
                                       *
            Appellant.                 *

_____

Submitted: May 12, 2004
Filed: August 4, 2004

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and MELLOY, Circuit
      Judges.

_____

PER CURIAM.

      Roderick Paige, Secretary of the United States Department of Education,
appeals from a grant of summary judgment entered in favor of Dee Ella Lee,
contending that the district court[1] incorrectly barred the department from garnishing

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri.

Ms. Lee's social security benefits on account of her outstanding student loans. We affirm.

Ms. Lee defaulted on two student loans in 1984. The Department of Education took assignment of the loans in the late 1980's and has sought repayment ever since. In October, 2001, the government began withholding a portion of Ms. Lee's social security benefits, applying the amount to Ms. Lee's outstanding loan balance. She filed suit to stop the government from garnishing her benefits.

The dispute between Ms. Lee and Secretary Paige requires the synthesis of three separate acts: the Social Security Act, the Debt Collection Act (as amended by the Debt Collection Improvement Act), and the Higher Education Act.

The Higher Education Act, passed in 1991, eliminated statutes of limitations on the government's right to seek repayment on defaulted federal student loans, providing that "[n]ot withstanding any other provision of statute, ... no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset [or] garnishment ... initiated or taken." 20 U.S.C. § 1091a(a)(2). At the time that the Higher Education Act became law, the Debt Collection Act authorized the government to offset unpaid debt balances from some federal payments but not from social security benefits. *See* 31 U.S.C. § 3716 (1988); 42 U.S.C. § 407 (1988). Congress later passed the Debt Collection Improvement Act, which authorizes federal agencies to recover money owed on delinquent student loans (as well as some other debts) by offsetting a debtor's social security benefits. *See* 31 U.S.C. § 3716(c)(3)(A)(i). The Debt Collection Improvement Act left unchanged, however, the original Debt Collection Act's limitation on the right of offset, under which government agencies are not allowed to use the remedy of administrative offset on claims that have been outstanding in excess of ten years. *See* 31 U.S.C. § 3716(e)(1).

Though he concedes that the claims against Ms. Lee had been outstanding for more than ten years, Secretary Paige nonetheless argues that the ten-year limitation in the Debt Collection Act did not prohibit the administrative offset of Ms. Lee's benefits because that would be contrary to § 1091a(a)(2) which had eliminated statutes of limitations. Instead, he maintains that the ten-year disabling provision in § 3716(e)(1) should control all claims except those like the collection of student loans, where Congress eliminated all statutes of limitation. Ms. Lee argues that the disabling provision of § 3716(e)(1) was intentionally left in the statute and that it controls this case.

The district court agreed with Ms. Lee. *See Lee v. Paige*, 276 F.Supp. 2d 980 (W.D. Mo. 2003). The court reasoned that when "Congress removed all statute of limitations obstacles in § 1091a, it could not have contemplated that its actions would have any effect on Social Security payments, because such payments were not yet subject to offset," *id.* at 984, and subsequent Congressional approval of offsetting social security benefits did not import § 1091a into the social security context, because Congress expressly left the ten-year disabling provision intact. Had Congress intended to limit the disabling provision to allow the government unlimited offset opportunities for the collection of delinquent student loans, the district court reasoned, it would have done so explicitly. In the absence of Congressional language authorizing application of § 1091a to social security offsets, the district court concluded that the specific limitations in § 3716(e)(1) prevail. *Id.* at 983-84.

We review *de novo* a district court's interpretation of a statute. *Loehrer v. McDonnell Douglas Corp.*, 98 F.3d 1056, 1061 (8th Cir. 1996). We affirm the judgment for the reasons given in the district court's well-reasoned opinion. The Department of Education remains free to pursue payment on the defaulted loans from Ms. Lee; it simply cannot take money from her monthly social security check to reduce the debt.

_____