(Slip Opinion) OCTOBER TERM, 2005 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## LOCKHART *v*. UNITED STATES ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 04–881.   Argued November 2, 2005—Decided December 7, 2005

In 2002, the Government began withholding a portion of petitioner's Social Security payments to offset his debt on federally reinsured student loans that were more than 10 years overdue. Petitioner sued, arguing that the offset was barred by the 10-year statute of limitations of the Debt Collection Act of 1982, 31 U. S. C. §3716(e)(1). The Social Security Act generally exempts benefits from attachment or other legal process, 42 U. S. C. §407(a), and provides that "[n]o other provision of law . . . may be construed to . . . modify . . . this section except to the extent that it does so by express reference," §407(b). The Higher Education Technical Amendments of 1991 eliminated time limitations on suits to collect student loans, 20 U. S. C. §1091a(a)(2)(D). In 1996, the Debt Collection Improvement Act subjected Social Security benefits to offset, "[n]otwithstanding [§407]," 31 U. S. C. §3716(c)(3)(A)(i). The District Court dismissed petitioner's complaint, and the Ninth Circuit affirmed.

*Held:* The United States may offset Social Security benefits to collect a student loan debt that has been outstanding for over 10 years. Pp. 3–5.

　(a) The Debt Collection Improvement Act makes Social Security benefits subject to offset, providing the sort of express reference that §407(b) says is necessary to supersede the anti-attachment provision. P. 3.

　(b) The Higher Education Technical Amendments remove the 10-year limit that would otherwise bar offsetting petitioner's Social Security benefits to pay off his student loan debt. Debt collection by Social Security offset was not authorized until five years after this abrogation of time limits, but the plain meaning of the Higher Education Technical Amendments must be given effect even though

Syllabus

Congress may not have foreseen all of its consequences, *Union Bank* v. *Wolas,* 502 U. S. 151, 158. Though the Higher Education Technical Amendments, unlike the Debt Collection Improvement Act, do not explicitly mention §407, an express reference is only required to authorize attachment in the first place. Pp. 3–4.

(c) Though the Debt Collection Improvement Act retained the Debt Collection Act's general 10-year bar on offset authority, the Higher Education Technical Amendments retain their effect as a limited exception to the Debt Collection Act time bar in the student loan context. The Court declines to read any meaning into a failed 2004 congressional effort to amend the latter Act to explicitly authorize offset of debts over 10 years old. See, *e.g., United States* v. *Craft,* 535 U. S. 274, 287. Pp. 4–5.

376 F. 3d 1027, affirmed.

O'CONNOR, J., delivered the opinion for a unanimous Court. SCALIA, J., filed a concurring opinion.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 04–881

_____

## JAMES LOCKHART, PETITIONER *v.* UNITED STATES ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[December 7, 2005]

JUSTICE O'CONNOR delivered the opinion of the Court.

We consider whether the United States may offset Social Security benefits to collect a student loan debt that has been outstanding for over 10 years.

## I

### A

Petitioner James Lockhart failed to repay federally reinsured student loans that he had incurred between 1984 and 1989 under the Guaranteed Student Loan Program. These loans were eventually reassigned to the Department of Education, which certified the debt to the Department of the Treasury through the Treasury Offset Program. In 2002, the Government began withholding a portion of petitioner's Social Security payments to offset his debt, some of which was more than 10 years delinquent.

Petitioner sued in Federal District Court, alleging that under the Debt Collection Act's 10-year statute of limitations, the offset was time barred. The District Court dismissed the complaint, and the Court of Appeals for the Ninth Circuit affirmed. 376 F. 3d 1027 (2004). We

granted certiorari, 544 U. S. ___ (2005), to resolve the conflict between the Ninth Circuit and the Eighth Circuit, see *Lee* v. *Paige*, 376 F. 3d 1179 (CA8 2004), and now affirm.

## B

The Debt Collection Act of 1982, as amended, provides that, after pursuing the debt collection channels set out in 31 U. S. C. §3711(a), an agency head can collect an outstanding debt "by administrative offset." §3716(a). The availability of offsets against Social Security benefits is limited, as the Social Security Act, 49 Stat. 620, as amended, makes Social Security benefits, in general, not "subject to execution, levy, attachment, garnishment, or other legal process." 42 U. S. C. §407(a). The Social Security Act purports to protect this anti-attachment rule with an express-reference provision: "No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." §407(b).

Moreover, the Debt Collection Act's offset provisions generally do not authorize the collection of claims which, like petitioner's debts at issue here, are over 10 years old. 31 U. S. C. §3716(e)(1). In 1991, however, the Higher Education Technical Amendments, 105 Stat. 123, sweepingly eliminated time limitations as to certain loans: "Notwithstanding any other provision of statute . . . no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken," 20 U. S. C. §1091a(a)(2), for the repayment of various student loans, including the loans at issue here, §1091a(a)(2)(D).

The Higher Education Technical Amendments, by their terms, did not make Social Security benefits subject to offset; these were still protected by the Social Security

Act's anti-attachment rule. Only in 1996 did the Debt Collection Improvement Act—in amending and recodifying the Debt Collection Act—provide that, "[n]otwithstanding any other provision of law (including [§407] . . . )," with a limited exception not relevant here, "all payment due an individual under . . . the Social Security Act . . . shall be subject to offset under this section." 31 U. S. C. §3716(c)(3)(A)(i).

## II

The Government does not contend that the "notwithstanding" clauses in both the Higher Education Technical Amendments and the Debt Collection Improvement Act trump the Social Security Act's express-reference provision. Cf. *Marcello* v. *Bonds,* 349 U. S. 302, 310 (1955) ("Exemptions from the terms of the . . . Act are not lightly to be presumed in view of the statement . . . that modifications must be express[.] But . . . [u]nless we are to require the Congress to employ magical passwords in order to effectuate an exemption from the . . . Act, we must hold that the present statute expressly supersedes the . . . provisions of that Act" (citation omitted)); *Great Northern R. Co.* v. *United States,* 208 U. S. 452, 465 (1908).

We need not decide the effect of express-reference provisions such as §407(b) to resolve this case. Because the Debt Collection Improvement Act clearly makes Social Security benefits subject to offset, it provides exactly the sort of express reference that the Social Security Act says is necessary to supersede the anti-attachment provision.

It is clear that the Higher Education Technical Amendments remove the 10-year limit that would otherwise bar offsetting petitioner's Social Security benefits to pay off his student loan debt. Petitioner argues that Congress could not have intended in 1991 to repeal the Debt Collection Act's statute of limitations as to offsets against Social Security benefits—since debt collection by Social Security

offset was not authorized until five years later. Therefore, petitioner continues, the Higher Education Technical Amendments' abrogation of time limits in 1991 only applies to then-valid means of debt collection. We disagree. "The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning." *Union Bank* v. *Wolas,* 502 U. S. 151, 158 (1991).

Petitioner points out that the Higher Education Technical Amendments, unlike the Debt Collection Improvement Act, do not explicitly mention §407. But §407(b) only requires an express reference to authorize attachment in the first place—which the Debt Collection Improvement Act has already provided.

## III

Nor does the Debt Collection Improvement Act's 1996 recodification of the Debt Collection Act help petitioner. The Debt Collection Improvement Act, in addition to adding offset authority against Social Security benefits, retained the Debt Collection Act's general 10-year bar on offset authority. But the mere retention of this previously enacted time bar does not make the time bar apply in all contexts—a result that would extend far beyond Social Security benefits, since it would imply that the Higher Education Technical Amendments' abrogation of time limits was now a dead letter as to any kind of administrative offset. Rather, the Higher Education Technical Amendments retain their effect as a limited exception to the Debt Collection Act time bar in the student loan context.

Finally, we decline to read any meaning into the failed 2004 effort to amend the Debt Collection Act to explicitly authorize offset of debts over 10 years old. See H. R. 5025, 108th Cong., 2d Sess., §642 (Sept. 8, 2004); S. 2806, 108th Cong., 2d Sess., §642 (Sept. 15, 2004). "[F]ailed legislative

proposals are 'a particularly dangerous ground on which to rest an interpretation of a prior statute.'" *United States* v. *Craft,* 535 U. S. 274, 287 (2002) (quoting *Pension Benefit Guaranty Corporation* v. *LTV Corp.,* 496 U. S. 633, 650 (1990)).  In any event, it is unclear what meaning we could read into this effort even if we were inclined to do so, as the failed amendment—which was not limited to offsets against Social Security benefits—would have had a different effect than the interpretation we advance today.

Therefore, we affirm the judgment of the Ninth Circuit.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 04–881

JAMES LOCKHART, PETITIONER *v.* UNITED STATES
ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

[December 7, 2005]

JUSTICE SCALIA, concurring.

I agree with the Court that, even if the express-reference requirement in §207(b) of the Social Security Act is binding, it has been met here; and I join the opinion of the Court, because it does not imply that the requirement *is* binding. I would go further, however, and say that it is not.

"[O]ne legislature," Chief Justice Marshall wrote, "cannot abridge the powers of a succeeding legislature." *Fletcher* v. *Peck*, 6 Cranch 87, 135 (1810). "The correctness of this principle, so far as respects general legislation," he asserted, "can never be controverted." *Ibid.* See also *Marbury* v. *Madison*, 1 Cranch 137, 177 (1803) (unlike the Constitution, a legislative Act is "alterable when the legislature shall please to alter it"); 1 W. Blackstone, Commentaries on the Laws of England 90 (1765) ("Acts of parliament derogatory from the power of subsequent parliaments bind not"); T. Cooley, Constitutional Limitations 125–126 (1868) (reprint 1987). Our cases have uniformly endorsed this principle. See, *e.g.*, *United States* v. *Winstar Corp.*, 518 U. S. 839, 872 (1996) (plurality opinion); *Reichelderfer* v. *Quinn*, 287 U. S. 315, 318 (1932) ("[T]he will of a particular Congress . . . does not impose itself upon those to follow in succeeding years"); *Manigault* v. *Springs*, 199 U. S. 473, 487 (1905); *Newton* v.

*Commissioners*, 100 U. S. 548, 559 (1880) (in cases involv-
ing *"public interests"* and *"public laws,"* "there can be . . .
no irrepealable law"); see generally 1 L. Tribe, American
Constitutional Law §2–3, p. 125, n. 1 (3d ed. 2000).

Among the powers of a legislature that a prior legisla-
ture cannot abridge is, of course, the power to make its
will known in whatever fashion it deems appropriate—
including the repeal of pre-existing provisions by simply
and clearly contradicting them.   Thus, in *Marcello* v.
*Bonds*, 349 U. S. 302 (1955), we interpreted the Immigra-
tion and Nationality Act as impliedly exempting deporta-
tion hearings from the procedures of the Administrative
Procedure Act (APA), despite the requirement in §12 of
the APA that "[n]o subsequent legislation shall be held to
supersede or modify the provisions of this Act except to the
extent that such legislation shall do so expressly," 60 Stat.
244.  The Court refused "to require the Congress to employ
magical passwords in order to effectuate an exemption
from the Administrative Procedure Act."  349 U. S., at 310.
We have made clear in other cases as well, that an ex-
press-reference or express-statement provision cannot
nullify the unambiguous import of a subsequent statute.
In *Great Northern R. Co.* v. *United States*, 208 U. S. 452,
465 (1908), we said of an express-statement requirement
that "[a]s the section . . . in question has only the force of a
statute, its provisions cannot justify a disregard of the will
of Congress as manifested either expressly *or by necessary
implication* in a subsequent enactment."   (Emphasis
added.)  A subsequent Congress, we have said, may ex-
empt itself from such requirements by "fair implication"—
that is, *without* an express statement.  *Warden* v. *Marrero*,
417 U. S. 653, 659–660, n. 10 (1974).  See also *Hertz* v.
*Woodman*, 218 U. S. 205, 218 (1910).

To be sure, legislative express-reference or express-
statement requirements may function as background
canons of interpretation of which Congress is presump-

tively aware. For example, we have asserted that exemptions from the APA are "not lightly to be presumed" in light of its express-reference requirement, *Marcello, supra,* at 310; see also *Shaughnessy* v. *Pedreiro*, 349 U. S. 48, 51 (1955). That assertion may add little or nothing to our already-powerful presumption against implied repeals.

> "We have repeatedly stated . . . that absent a clearly established congressional intention, repeals by implication are not favored. An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter Act covers the whole subject of the earlier one and is clearly intended as a substitute." *Branch* v. *Smith*, 538 U. S. 254, 273 (2003) (plurality opinion) (internal quotation marks and citations omitted).

See also *Morton* v. *Mancari*, 417 U. S 535, 551 (1974). When the plain import of a later statute directly conflicts with an earlier statute, the later enactment governs, *regardless* of its compliance with any earlier-enacted requirement of an express reference or other "magical password."

For the reasons set forth in the majority opinion, in the Higher Education Technical Amendments and the Debt Collection Improvement Act, Congress unambiguously authorized, without exception, the collection of 10-year-old student-loan debt by administrative offset of Government payments. In doing so, it flatly contradicted, and thereby effectively repealed, part of §207(a) of the Social Security Act. This repeal is effective, regardless of whether the express-reference requirement of §207(b) is fulfilled.

Despite our jurisprudence on this subject, it is regrettably not uncommon for Congress to attempt to burden the future exercise of legislative power with express-reference and express-statement requirements. See, *e.g.*, 1 U. S. C. §109; 5 U. S. C. §559; 25 U. S. C. §1735(b); 42 U. S. C.

§2000bb–3(b); 50 U. S. C. §§1547(a)(1), 1621(b).   In the present case, it might seem more respectful of Congress to refrain from declaring the invalidity of the express-reference provision.   I suppose that would depend upon which Congress one has in mind: the prior one that enacted the provision, or the current one whose clearly expressed legislative intent it is designed to frustrate.   In any event, I think it does no favor to the Members of Congress, and to those who assist in drafting their legislation, to keep secret the fact that such express-reference provisions are ineffective.