Justice O’Connor
delivered the opinion of the Court.
We consider whether the United States may offset Social Security benefits to collect a student loan debt that has been outstanding for over 10 years.
I
A
Petitioner James Lockhart failed to repay federally rein-sured student loans that he had incurred between 1984 and 1989 under the Guaranteed Student Loan Program. These loans were eventually reassigned to the Department of Education, which certified the debt to the Department of the Treasury through the Treasury Offset Program. In 2002, the Government began withholding a portion of petitioner’s Social Security payments to offset his debt, some of which was more than 10 years delinquent.
*144 Petitioner sued in Federal District Court, alleging that under the Debt Collection Act’s 10-year statute of limitations, the offset was time barred. The District Court dismissed the complaint, and the Court of Appeals for the Ninth Circuit affirmed. 376 F. 3d 1027 (2004). We granted certiorari, 544 U. S. 998 (2005), to resolve the conflict between the Ninth Circuit and the Eighth Circuit, see Lee v. Paige, 376 F. 3d 1179 (CA8 2004), and now affirm.
B
The Debt Collection Act of 1982, as amended, provides that, after pursuing the debt collection channels set out in 31 U. S. C. § 3711(a), an agency head can collect an outstanding debt “by administrative offset.” § 3716(a). The availability of offsets against Social Security benefits is limited, as the Social Security Act, 49 Stat. 620, as amended, makes Social Security benefits, in general, not “subject to execution, levy, attachment, garnishment, or other legal process.” 42 U. S. C. § 407(a). The Social Security Act purports to protect this anti-attachment rule with an express-reference provision: “No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.” § 407(b).
Moreover, the Debt Collection Act’s offset provisions generally do not authorize the collection of claims which, like petitioner’s debts at issue here, are over 10 years old. 31 U. S. C. § 3716(e)(1). In 1991, however, the Higher Education Technical Amendments, 105 Stat. 123, sweepingly eliminated time limitations as to certain loans: “Notwithstanding any other provision of statute ... no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken,” 20 U. S. C. § 1091a(a)(2), for the repay *145 ment of various student loans, including the loans at issue here, § 1091a(a)(2)(D).
The Higher Education Technical Amendments, by their terms, did not make Social Security benefits subject to offset; these were still protected by the Social Security Act’s anti-attachment rule. Only in 1996 did the Debt Collection Improvement Act — in amending and recodifying the Debt Collection Act — provide that, “Notwithstanding any other provision of law (including [§407] . . .),” with a limited exception not relevant here, “all payment due an individual under ... the Social Security Act . . . shall be subject to offset under this section.” 31 U. S. C. § 3716(e)(3)(A)(i).
II
The Government does not contend that the “notwithstanding” clauses in both the Higher Education Technical Amendments and the Debt Collection Improvement Act trump the Social Security Act’s express-reference provision. Cf. Marcello v. Bonds, 349 U. S. 302, 310 (1955) (“Exemptions from the terms of the . . . Act are not lightly to be presumed in view of the statement . . . that modifications must be express[.] But.. . [u]nless we are to require the Congress to employ magical passwords in order to effectuate an exemption from the ... Act, we must hold that the present statute expressly supersedes the .. . provisions of that Act”); Great Northern R. Co. v. United States, 208 U. S. 452, 465 (1908).
We need not decide the effect of express-reference provisions such as § 407(b) to resolve this case. Because the Debt Collection Improvement Act clearly makes Social Security benefits subject to offset, it provides exactly the sort of express reference that the Social Security Act says is necessary to supersede the anti-attachment provision.
It is clear that the Higher Education Technical Amendments remove the 10-year limit that would otherwise bar offsetting petitioner’s Social Security benefits to pay off his student loan debt. Petitioner argues that Congress could *146 not have intended in 1991 to repeal the Debt Collection Act’s statute of limitations as to offsets against Social Security benefits — since debt collection by Social Security offset was not authorized until five years later. Therefore, petitioner continues, the Higher Education Technical Amendments’ abrogation of time limits in 1991 only applies to then-valid means of debt collection. We disagree. “The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning.” Union Bank v. Wolas, 502 U. S. 151, 158 (1991).
Petitioner points out that the Higher Education Technical Amendments, unlike the Debt Collection Improvement Act, do not explicitly mention §407. But § 407(b) only requires an express reference to authorize attachment in the first place — which the Debt Collection Improvement Act has already provided.
III
Nor does the Debt Collection Improvement Act’s 1996 re-codification of the Debt Collection Act help petitioner. The Debt Collection Improvement Act, in addition to adding offset authority against Social Security benefits, retained the Debt Collection Act’s general 10-year bar on offset authority. But the mere retention of this previously enacted time bar does not make the time bar apply in all contexts — a result that would extend far beyond Social Security benefits, since it would imply that the Higher Education Technical Amendments’ abrogation of time limits was now a dead letter as to any kind of administrative offset. Rather, the Higher Education Technical Amendments retain their effect as a limited exception to the Debt Collection Act time bar in the student loan context.
Finally, we decline to read any meaning into the failed 2004 effort to amend the Debt Collection Act to explicitly authorize offset of debts over 10 years old. See H. R. 5025, 108th Cong., 2d Sess., §642 (Sept. 8, 2004); S. 2806, 108th *147 Cong., 2d Sess., §642 (Sept. 15, 2004). “[F]ailed legislative proposals are ‘a particularly dangerous ground on which to rest an interpretation of a prior statute.’” United States v. Craft, 535 U. S. 274, 287 (2002) (quoting Pension Benefit Guaranty Corporation v. LTV Corp., 496 U. S. 633, 650 (1990)). In any event, it is unclear what meaning we could read into this effort even if we were inclined to do so, as the failed amendment — which was not limited to offsets against Social Security benefits — would have had a different effect than the interpretation we advance today.
Therefore, we affirm the judgment of the Ninth Circuit.

It is so ordered.