# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3819

_____

Dee Ella Lee,

      Appellee,

v.

Margaret Spellings, Secretary of
the Department of Education,

      Appellant.

Appeal from the United States
District Court for the
Western District of Missouri.

_____

Submitted: January 26, 2006
Filed: May 18, 2006

_____

Before ARNOLD, McMILLIAN,[1] and MELLOY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

In *Lee v. Paige*, 376 F.3d 1179 (8th Cir. 2004), we held that the ten-year time limit in the Debt Collection Act, *see* 31 U.S.C. § 3716(e)(1), barred the Secretary of Education from offsetting a portion of Dee Ella Lee's social security benefits to repay a student-loan debt that she owed to the government. The Supreme Court granted *certiorari*, vacated our judgment, and remanded the case to us for reconsideration in

_____

[1]The Honorable Theodore McMillian died on January 18, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.

light of its subsequent opinion in *Lockhart v. United States*, 126 S. Ct. 699 (2005). *Spellings v. Lee*, 126 S. Ct. 825 (2005).

In *Lockhart*, 126 S. Ct. at 700-02, the Court held that the time limit in § 3716(e)(1) did not bar the government from offsetting the plaintiff's social security benefits to repay federally-reinsured student loans. Relying on 20 U.S.C.A. § 1091a (a)(2)(D), the Court ruled that the time limits of § 3716(e)(1) did not apply to "various student loans, including the loans at issue" in *Lockhart*. *Id.* at 701. The Court observed that although social security payments were not reachable at the time Congress passed § 1091a (a)(2)(D), when Congress later made social security benefits available for collection, § 1091a (a)(2)(D) precluded any time limit for offsetting those benefits to pay debts that the beneficiaries owed to the Secretary on the "various student loans."

Although Ms. Lee did not have reinsured student loans, as did the borrower in *Lockhart*, the statute that the Court relied on in *Lockhart* also eliminates any time limits for collecting payments on the so-called Federal Perkin's Loans that Ms. Lee obtained. *See* 20 U.S.C.§§ 1091a(a)(2)(D), 1087aa, 1087cc(a)(5). Thus no time limitation prevents the Secretary from offsetting Ms. Lee's social security benefits.

We may, of course, affirm the summary judgment entered for Ms. Lee in the district court on any basis supported by the record, *Koscielski v. City of Minneapolis*, 435 F.3d 898, 901 (8th Cir. 2006), and Ms. Lee also claimed below that the Secretary violated her due process rights by offsetting her social security benefits and that the Secretary was precluded by laches from collecting on the student-loan debt. We address those claims in turn.

Ms. Lee based her due process argument, in part, on the fact that the six-year statute of limitations for filing suit against persons who had defaulted on various students loans was in effect when she took out the loans, 20 U.S.C. § 1091a(a)(4)(B),

(C)(1986), but was retroactively eliminated years later by § 1091a (a)(2)(D). *See United States v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993). Initially, we question the relevance of the six-year statute of limitations to Ms. Lee's due-process claim, since she challenges only the government's offset of her social security benefits. As we have said, the time limit for using a government offset to repay a student loan was ten years (not six) before Congress passed § 1091a(a)(2)(D). *See* 31 U.S.C. § 3716(e)(1). In 1991, § 1091a(a)(2)(D) eliminated both the ten-year time limit for an offset and the six-year time limit for filing suit to collect student-loan debts such as Ms. Lee's, and we do not believe that the elimination of either time limit violated her due process rights.

Although Ms. Lee acknowledged that a change in a statute of limitations does not, in itself, violate due process, *see Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 315-16 (1945), she argued that permitting the government to collect on the loans after its "extreme delay" caused her a particular hardship because of her loss of memory and paperwork and her decreased ability to work. In *Chase*, 325 U.S. at 316, the Supreme Court left open the possibility that lifting the bar of a statute of limitations could offend the due process clause if it resulted in "special hardships or oppressive effects." *See also United States v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993) (per curiam).

But the district court, after expressing its sympathy for Ms. Lee's circumstances, concluded that they did not amount to a "special hardship" and that she therefore could not make out a due-process claim. *Lee v. Paige*, 276 F. Supp. 2d 980, 984-85 (W.D. Mo. 2003). The court noted that Ms. Lee did not dispute that she owed money on the loans or that the government had "utilized nine different collection agencies over the course of twelve years" and she admitted receiving repeated calls and letters about the debt. *Id.* at 984. The court concluded that no "extreme delay" occurred on the part of the government.

We believe that the district court's ruling here is correct, and that, although the court stated that it was not addressing whether the offsets, in particular, violated the due process clause, *see id.* at 984 n.2, the same reasoning precludes her from prevailing on such a claim. We agree that the government did not engage in "extreme delay." The record reflects that the defaulted loans were assigned to the government in 1987 and 1989, and the Secretary began sending letters to Ms. Lee about the debt no later than 1989. In addition, the Department of Education began assigning the debt to collection agencies in 1989 and continued to do so until 2002, when Ms. Lee filed this lawsuit. We also think that Ms. Lee's contention that the Secretary's alleged delay somehow prevented her from working to pay the debt is belied by her statement in the record that "over the years" the Secretary had demanded payment and that at all of these times she was disabled and unable to pay. And Ms. Lee confirmed her inability to work and her awareness of the debt by calling the Department of Education beginning in 1988 to ask that the debt be forgiven based on her disability. (Although disability may sometimes be the basis for discharging a student-loan debt, *see* 34 C.F.R. § 682.402(c), the Department denied Ms. Lee's requests because it found that she was disabled at the time that she took out the loans; that issue is not before us.)

We also note that the six-year and ten-year time limits were eliminated only four years after the first loan was assigned to the Department, *see* 20 U.S.C.A. § 1091a (a)(2)(D), and thus the time limits never expired and § 1091a (a)(2)(D) did not "revive" any claims against her. We think that Ms. Lee's statements indicate that she was aware of the debt but was simply unable to pay, and there is no evidence to support a finding that she would (or could) have acted differently if she had known that the time limits for pursuing the debt would be eliminated and her social security benefits would be subject to offset. *Cf. Chase*, 325 U.S. at 315-16. We conclude that although Ms. Lee suffered hardships due to her lack of income, she failed to show the "special hardships or oppressive effects" of the elimination of a statute of limitations that the Supreme Court stated might support a due process claim. *See id.* at 316.

We also reject Ms. Lee's laches argument because we have held that a laches defense may not be asserted against the government. *See United States v. Brown*, 835 F.2d 176, 180 (8th Cir. 1987). And, in any event, Ms. Lee has not shown that the government inexcusably delayed asserting its claim, a requirement for laches, *see Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 602 (8th Cir. 1999).

We therefore vacate both our previous opinion and the district court's judgment for Ms. Lee, and we remand with directions to enter a judgment in favor of the Secretary.

_____