# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2670

_____

Craig Frentzel,

              Appellant,

    v.

Glenn Boyer, Sheriff, Jefferson County;
John Doe, Doctor, Jefferson County
Jail; Jane Doe, Nurse, Jefferson County
Jail,

              Appellees.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*
\* [UNPUBLISHED]
\*
\*
\*

_____

Submitted: October 27, 2008
Filed: October 30, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Former Missouri pretrial detainee Craig Frentzel appeals the district court's[1] adverse grant of summary judgment on his 42 U.S.C. § 1983 claim against Glenn Boyer and its dismissal without prejudice of his claims against the "Doe" defendants. We affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Frentzel sued Boyer as the sheriff of Jefferson County, Missouri, as well as an unidentified doctor and an unidentified nurse (the Doe defendants), alleging that the doctor and nurse had denied him his prescription medication while he was detained in jail, and that Boyer did not properly train and supervise jail personnel, including the doctor and the nurse. Because Frentzel was a pretrial detainee, his constitutional claims based on inadequate medical care arose under the Fourteenth Amendment, but we apply the Eighth Amendment deliberate-indifference standard. See Hartsfield v. Colburn, 371 F.3d 454, 456-57 (8th Cir. 2004) (pretrial detainees' claims arise under Fourteenth Amendment; they are entitled to at least as much protection as afforded under Eighth Amendment); Ervin v. Busby, 992 F.2d 147, 150 (8th Cir. 1993) (per curiam) (punishment of pretrial detainee prior to adjudication of guilt constitutes due process violation; court continues to apply deliberate-indifference standard to pretrial detainee's inadequate-medical-care claims).

We conclude that the district court did not err in granting summary judgment for Boyer, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (grant of summary judgment reviewed de novo), because the doctrine of respondeat superior does not apply under section 1983, and Frentzel did not plead facts sufficient to establish Boyer's liability under a failure-to-train or failure-to-supervise theory, see Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (supervisors not liable under § 1983 for constitutional violations of subordinates on respondeat superior theory; prison supervisor's liability arises if failure to train or to supervise offending employee properly caused deprivation of constitutional rights and supervisor had notice that training procedures and supervision were inadequate and likely to result in constitutional violation), and because Frentzel could not establish an underlying constitutional violation, see Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (inadvertent failure to provide adequate medical care does not rise to level of Eighth Amendment violation); Brockinton v. City of Sherwood, Ark., 503 F.3d 667, 673 (8th Cir. 2007) (plaintiff's failure-to-train claim failed because alleged facts did not establish underlying constitutional violation); cf. Zentmyer v. Kendall County, Ill.,

220 F.3d 805, 811-12 (7th Cir. 2000) (occasional missed dose of medicine, without evidence that defendant knew missing doses could cause serious injury or pain, does not violate Eighth Amendment).

Next, we hold that the district court did not abuse its discretion in denying appointment of counsel. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; relevant criteria for appointment of counsel in civil case); see also Swackhamer v. Scott, 276 Fed. Appx. 544 (8th Cir. 2008) (unpublished per curiam) (affirming denial of appointment of counsel where plaintiff with mental illness demonstrated he understood and was able to present claims). Nor do we find an abuse of discretion in the court's denial without prejudice of Frentzel's motions to compel discovery, given the procedural posture of the case at the time, and our extremely deferential review standard. See Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) (refusal to compel discovery is reviewed for gross abuse of discretion affecting fundamental fairness of proceedings).

Finally, we conclude that the district court did not abuse its discretion either in denying Frentzel's motions to amend his complaint or in subsequently dismissing his claims against the Doe defendants, see Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998) (dismissal is reviewed for abuse of discretion), because the amendment would have been futile as Frentzel could not establish a constitutional violation, see Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003) (it is proper to deny motion to amend if, inter alia, amendment would be futile); cf. Lee v. Spellings, 447 F.3d 1087, 1088-89 (8th Cir. 2006) (court may affirm on any basis supported by record).

Accordingly, we affirm.

_____