# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1097

_____

Janice Schmidt,          *
                                *
           Appellant,        *
                                *    Appeal from the United States
       v.                            *    District Court for the
                                *    District of Nebraska.
Metropolitan Utilities District,     *
                                *    [UNPUBLISHED]
           Appellee.         *

_____

Submitted: May 18, 2009
Filed: May 27, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

       Janice Schmidt appeals the district court's[1] adverse grant of summary judgment in this employment-discrimination action against her former employer, Metropolitan Utilities District, asserting violations of the Americans with Disabilities Act (ADA). Upon careful de novo review, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (standard of review), we conclude that summary judgment was proper.

_____

       [1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We agree with the district court that Schmidt failed to establish a prima facie case because she failed to make a sufficient showing that she was "disabled" within the meaning of the ADA: while her knee injury impacted her ability to walk, it did not "substantially limit" that major life activity. See 42 U.S.C. § 12102(1) (defining disability); Gretillat v. Care Initiatives, 481 F.3d 649, 653 (8th Cir. 2007) (major life activities include walking, but difficulty walking long distances is not disability under ADA); Nuzum v. Ozark Auto. Distribs., Inc., 432 F.3d 839, 846-48 (8th Cir. 2005) ("substantially limited" means limited considerably or to large degree; to assess substantiality of limitation, nature, severity, duration, and impact must be examined); Schuhardt v. Washington Univ., 390 F.3d 563, 566 (8th Cir. 2004) (defendant is entitled to summary judgment if plaintiff failed to make sufficient showing on essential element of her case); Wood v. Crown Redi-Mix, Inc., 339 F.3d 682, 684 (8th Cir. 2003) (prima facie case under ADA).

Even if Schmidt had established an ADA-qualifying disability, she failed to create a trialworthy issue as to whether she could have performed the essential functions of her position. See Alexander v. Northland Inn, 321 F.3d 723, 727 (8th Cir. 2003) (ADA plaintiff has burden to prove he can perform essential functions of job with reasonable accommodation); Dropinski v. Douglas County, 298 F.3d 704, 709-10 (8th Cir. 2002) (job restructuring is possible accommodation under ADA, but employer need not reallocate or eliminate essential functions of job); see also Lee v. Spellings, 447 F.3d 1087, 1088-89 (8th Cir. 2006) (court may affirm on any basis supported by record).

Accordingly, we affirm.

_____